CHIEF JUSTICE TURNAGE,
dissenting.
I respectfully dissent from the conclusion of the majority that the search of Lott’s truck was not justified under the automobile exception to the warrant requirement.
This Court has held that the automobile exception to the warrant requirement demands two things: (1) the existence of probable cause to search; and (2) the presence of exigent circumstances making it impracticable to obtain a warrant. State v. Allen (1992), 256 Mont. 47, 51, 844 P.2d 105, 108. Probable cause requires only a probability of criminal activity, not a prima facie showing. State v. Dess (1982), 201 Mont. 456, 465, 655 P.2d 149, 154. In determining whether exigent circumstances are present, all circumstances are relevant. As the majority has noted, “[pjolice may need to consider not just the mobility of the vehicle, but the possible destruction of evidence, the safety of police officers, emergency situations, and the possible gravity of the crime committed.” State v. McCarthy (1993), 258 Mont. 51, 57-58, 852 P.2d 111, 115.
In this case, the officers knew that a package containing fourteen ounces of marijuana had been delivered to Lott’s residence. When they stopped and searched Lott’s truck, they had important additional information, as well. They knew that Lott had asked a co-worker to pick up the package from his residence and deliver it to him at work at the State Lands office. They knew that Lott received the package. They knew he thereafter went outside the State Lands office, opened the package and took out the cellophane-wrapped marijuana. They knew that Lott then got into his truck and drove away.
From the above facts, I conclude that the Beaverhead County law enforcement officers had probable cause to believe that Lott’s truck contained contraband. Further, it would have been easy for Lott to flee with or dispose of the contraband. I conclude that exigent circum *201 stances were present in which there was a real danger of loss or destruction of evidence. I would hold that, under these circumstances, a warrantless search of Lott’s truck was justified, and that the District Court did not err in denying the motion to suppress the marijuana seized as a result of that search.
JUSTICE WEBER and JUSTICE NELSON join in the foregoing dissent of CHIEF JUSTICE TURNAGE.